IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DIANA ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. ___18-cv-114-KEW___ |
| ) | |
| SOONER MANAGEMENT ) | |
| CONSULTANTS, INC. ) | |
| d/b/a NORTHVIEW ESTATES, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Diana Armstrong, by and through her attorneys, Walters, Gaston, Allison & Parker and for her Complaint against Defendant does state and allege as follows:

### I. SUMMARY

1. Plaintiff brings this action against Defendant for unpaid wages and overtime pursuant to the Fair Labor Standards Act (FLSA hereinafter), 29 U.S.C. 270(o) and 213, unpaid wages under the Oklahoma Minimum Wage Act and 40 Okl. St. §160 *et seq.* and 40 Okl. St. §197.1 *et seq.* and for conversion, breach of contract, breach of implied contract and unjust enrichment under Oklahoma common law.

### II. PARTIES , JURISDICTION AND VENUE

2. Plaintiff, Diana Armstrong (hereinafter "Plaintiff"), is a citizen and resident of Sequoyah County, Oklahoma.

1

3. Defendant, Sooner Management Consultants, LLC, is a domestic for profit corporation in good standing and registered to do business in the state of Oklahoma, with its principal plave of business in Jenks, Oklahoma. The registered agent for service is Shari Smith, 1917 West C Street, Jenks, Oklahoma 74037.

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. 1331, this action being brought, in part, under the Federal Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA"). Venue is property because a substantial part of the events or omissions giving rise to the claim occurred in this District and the Defendant is subject to personal jurisdiction in Oklahoma.

### III. FACTUAL ALLEGATIONS

5. Defendant conducts business in the State of Oklahoma and operates primarily as a property management consulting company, providing management services for various properties located throughout the state of Oklahoma.

6. Plaintiff became employed with Defendant as a property manager on or about March 27, 2006, at which time she was offered a rate of pay and was informed she would be working approximately thirty (30) hours of work per week at said rate of pay.

7. Plaintiff has for the past 5 years prior to the filing of this Complaint continued to work as an hourly employee and is currently serving in her position of property manager for the Northview Estates subdivision in Vian, Oklahoma. She is still employed by Defendant.

8. The Northview Estates housing addition is comprised of approximately thirty-five (35) single family homes for which Defendant provides complete property management services.

9. Plaintiff is required to live on site and her job duties encompass all matters relating to the properties, including, but not limited to, performing background checks, obtaining pre-lease approval, completing lease applications, finalizing lease agreements, collecting deposits and monthly rent, receiving and managing all maintenance requests, submitting work orders, handling tenant eviction proceedings, completing all subsidy documentation, preparing reports for Defendant, performing inspections and overall tenant management and relations.

10. Plaintiff is required to maintain office hours from 10:00 a.m. to 2:00 p.m. each week day, for a minimum of twenty hours (20) each week.

11. Plaintiff is also required to perform duties relating to her position as property manager outside the hours of 10:00 a.m. and 2:00 p.m. time frame each day, including weekends. The Defendant, through its authorized agents and supervisory employees, frequently contacted Plaintiff at all hours of the day, regardless of her set office hours giving her orders for work that needed to be completed immediately. Plaintiff is required to be on call twenty-four hours a day, seven days a week to receive tenant calls regarding maintenance issues and other emergent requests. The Defendant frequently gave out the Plaintiff's personal cell phone number and encouraged tenants to call Plaintiff at any time of day to report an issue with their property or otherwise request the assistance of Plaintiff.

12. Plaintiff was required by Defendant to perform all property inspections, regardless of the time of day. This required Plaintiff to frequently perform property inspections at 7:00 p.m. or later. When Plaintiff inquired as to whether she could be compensated for the additional and extended work time, Defendant instructed her to report said additional hours as "comp time". Defendant then informed Plaintiff that she was not permitted to list the comp time on her time sheets, as she would not be paid for that time regardless. Despite providing this information, Plaintiff was never granted leave in exchange for said comp time, nor was she compensated in any way.

13. Additionally, Plaintiff is presently paid for 20 hours of work each week, despite being promised to be paid for the equivalent of 30 hours of work. Specifically, on or about January 11, 2013, Defendant sent a notice to the managers notifying them that they would be changing the hours to a 20 hour work week and that office hours would be from 10:00 a.m. to 2:00 p.m. on weekdays. The notice also stated that, despite this reduction in hours, that the managers would continue receiving the same pay as they were when they were on a 30 hour work week, indicating that the hourly rate would be increased to account for the deducted hours. The notice specifically stated that the only change would be the fact that the managers would now be part time employees and no longer eligible for benefits such as vacation, sick, personal or holidays and that managers would be docked time off for these days. The holiday rule was eventually modified to allow for holiday pay. Essentially, the managers were required to continue completing all work required, in less time.

14. Plaintiff is frequently working more than forty (40) hours per week, as she is required to perform numerous duties outside her regular office hours and she is on call 24/7 and frequently required to respond to after-hours calls from tenants.

15. Plaintiff has not been compensated for the full number of hours she works and lists on her time sheets each week, as she only receives compensation for twenty (20) hours of work regardless of how many additional hours the Defendant demands of her in order to fulfill her job duties.

16. Plaintiff was not paid time and a half the regular pay rate for all hours she worked over forty (40) hours per week.

17. Plaintiff was not granted comp time or additional leave in exchange for the hours worked above and beyond that for which she was paid, despite reporting said comp time on her time sheets as directed by Defendant; in fact, Plaintiff's requests for time off were frequently denied.

18. Defendant's intentional, knowing and willful violation of Oklahoma law and federal law caused Plaintiff to suffer economic damages.

## IV. CLAIMS

### COUNT I: UNPAID WAGES

19. Plaintiff hereby incorporates by reference the preceding paragraphs fully as if set forth word for word herein.

20. Pursuant to 40 Okl. St. Ann. §165.1 *et seq* the wages, benefits and costs and expenses owed Plaintiff by Defendant as its employee are all "wages" within the meaning of the statute, which is to be made at regular intervals according to a predetermined schedule, independent of any other factor of employment.

21. Defendant failed to pay Plaintiff wages for all hours worked by Plaintiff at the request and for the benefit of Defendant.

22. As a direct and proximate result of Defendant's failure to pay overtime wages, the Plaintiff has suffered damages from lost compensation, among other things, in a specific amount to be proven at trial.

## COUNT II: OVERTIME WAGES

23. Plaintiff hereby incorporates the preceding paragraphs as if set forth herein.

24. Defendant failed to pay Plaintiff one and a half times her regular rate of pay for each hour worked over forty in a workweek.

25. These practices violate the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. 201 et seq and the Oklahoma Protection of Labor and Oklahoma Minimum Wage Acts. As a result of these unlawful practices, Plaintiff suffered a loss.

26. Defendants showed reckless disregard for the fact that their failure to pay the Plaintiff appropriate overtime compensation was in violation of the law.

27. As a direct and proximate result of Defendant's failure to pay overtime wages, the Plaintiff has suffered damages from lost compensation, among other things, in a specific amount to be proven at trial.

## COUNT III: BREACH OF CONTRACT

28. Plaintiff hereby incorporates by reference the preceding paragraphs as if set forth word for word herein.

29. Plaintiff and Defendant had an agreement as to the amount of hours worked and wages that would be paid to Plaintiff. On or about January 26, 2013, Defendant

unilaterally altered the agreement to move from a 30 hour work week to a 20 hour work week; however, Defendant sent written notice stating that the Plaintiff would continue to receive weekly compensation equivalent to that of a 30 hour work week, indicating a highly hourly wage would be paid for the 20 hour work week.

30. Following the change in schedule, Defendant failed to properly pay Plaintiff in accordance with this agreement. Instead of being paid equivalent to the prior compensation on the full time schedule, Plaintiff's compensation was reduced and she was not paid as promised.

31. As a direct and proximate result of Defendant's breach of the agreement, the Plaintiff has suffered damages from lost compensation, among other things, in a specific amount to be proven at trial.

## COUNT IV: CONVERSION

32. Plaintiff hereby incorporates by reference the preceding paragraphs as if set forth word for word herein.

33. The amounts owed by Defendant to Plaintiff are not just a simple debt, but constitute a specific chattel, determined by the precise amounts agreed to by Plaintiff and Defendant for wages. As such, the deliberate and intentional non-payment of wages to Plaintiff by Defendant constitutes a wrongful taking of money.

34. Pursuant to the parties' agreement on wages, Defendant was obligated to pay Plaintiff wages for work. By their course of dealing, Defendant knew that Plaintiff continued to work in exchange for payment of the agreed upon wages.

35. Because the civil conversion statute applies to the amounts owed Plaintiff by Defendant, Plaintiff is entitled to an award under the civil conversion statute not to exceed three times actual losses, the costs of this action and a reasonable attorney's fee.

## COUNT V: BREACH OF IMPLIED CONTRACT

36. Plaintiff hereby incorporates by reference the preceding paragraphs as if set forth word for word herein.

37. Defendant entered into an implied contract with Plaintiff to pay her wages for all work done and time spent for Defendant's benefit.

38. Defendant breached this implied contract by failing to pay Plaintiff and all the wages due for the benefit given to Defendant.

39. Plaintiff is an at will employee. The law implies that a contract for payment of wages existed by the very nature of the employer/employee relationship.

40. Plaintiff was injured by the Defendant's breach of implied contract to pay wages.

41. Defendant's actions were intentional, willful, malicious and in reckless disregard for the rights of the Plaintiff.

## COUNT VI: FAIR LABOR STANDARDS ACT

42. Plaintiff hereby incorporates by reference the preceding paragraphs as if set forth word for word herein.

43. Defendants failed to pay Plaintiff overtime wages at a rate of one and one half times the normal hourly pay rate, for hours worked in excess of forty (40) hours per week as required by the Fair Labor Standards Act.

44. Plaintiff was not an employee exempt from overtime pay as defined by the FLSA and relevant regulations.

45. Defendant's actions were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

### COUNT VII: UNJUST ENRICHMENT

46. Plaintiff hereby incorporates by reference the preceding paragraphs as if set forth word for word herein.

47. Defendant received the benefit of Plaintiff's work, without compensating the Plaintiff. As a matter of equity, Defendant should not be allowed to prosper at Plaintiff's expense.

48. The money Defendant owes Plaintiff as wages, all inured directly to the Defendant's benefit by its nonpayment to Plaintiff for work performed. Plaintiff should receive compensation to which Plaintiff is entitled in equity and Defendant should not be unjustly enriched by its nonpayment of wages to Plaintiff for the work they did.

### V. REQUESTED RELIEF

WHEREFORE, premises considered, Plaintiff, Diana Armstrong, respectfully requests that the Court enter judgment in her favor and award her the following relief:

   a. All wages and other economic benefits lost as a result of the Defendant's unlawful acts.

   b. All costs and attorney fees incurred in litigating this action;

   c. Treble damages for failure to pay wages.

   d. Liquidated damages due to violation of the FLSA.

e. Compensatory damages;

f. Pre-and Post-Judgment interest; and,

g. Any and all other legal and/or equitable relief to which Plaintiff is entitled.

## VI. DEMAND FOR TRIAL BY JURY

Comes now the Plaintiff, Diana Armstrong, and request a trial by jury on all issues deemed so triable.

Respectfully Submitted,

DIANA ARMSTRONG,

PLAINTIFF

By: _____

Troy Gaston
Bar No. 19813
Walters & Gaston
1405 W. Center St. Suite 300
Greenwood, AR 72936